**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4669-14T4

CARRIER CLINIC-PATIENTS
A.M. and C.I.,

    Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

    Respondent-Respondent.

_____

Argued April 6, 2017 — Decided September 13, 2017

Before Judges O'Connor and Whipple.

On appeal from the Department of Human
Services, Division of Medical Assistance and
Health Services.

Walter J. Fleischer, Jr., argued the cause
for appellant (Drinker Biddle & Reath LLP,
attorneys; Mr. Fleischer, of counsel and on
the brief; George H. Kendall and Andrew C.
Egan, on the brief).

Mark D. McNally, Deputy Attorney General,
argued the cause for respondent (Christopher
S. Porrino, Attorney General, attorney;

Melissa H. Raksa, Assistant Attorney
General, of counsel; Kay R. Ehrenkrantz,
Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Carrier Clinic appeals from a April 29, 2015 final decision of respondent Division of Medical Assistance and Health Services (Division), which denied Medicaid benefits for services petitioner rendered to two of its patients, A.M. and C.I. We remand for further proceedings.

I

The pertinent facts are as follows. Petitioner provided inpatient psychiatric treatment to A.M. and C.I. Each patient's health insurance carrier declined to provide coverage for certain periods of each patient's hospitalization, claiming such hospitalization was not medically necessary. Petitioner sought an internal review of each decision by each patient's insurance carrier, but to no avail. The coverage petitioner sought was $6,327.75 for one patient and $40,851.40 for the other.

Petitioner did not seek a review of the insurance carriers' determination by the Department of Banking and Insurance (DOBI). See N.J.A.C. 11:24A-3.6. This regulation provides an insured or the medical provider may appeal an internal adverse benefit determination to DOBI; there are some exceptions to the right to appeal, but none existed here. Rather, after the internal

A-4669-14T4

review within each patient's insurance carrier had ended, petitioner filed a claim with the Division in 2009 for Medicaid benefits for the subject uncovered medical bills.

In 2012, the Division sent petitioner a letter stating it would provide Medicaid benefits for one of the patients for some of the period of his hospitalization his insurance company refused to cover, but the Division declined to provide any benefits for the other patient.  The Division declined full benefits to both on the basis the provider failed to show medical necessity for the treatment.  The Division did not cite the petitioner's failure to appeal the insurance carriers' adverse determinations to DOBI as a basis to deny benefits, and never mentioned such oversight during the period these matters were under the Division's review.

In response to the Division's determination, petitioner submitted a request to the Division for a Utilization Review Fair Hearing on behalf of each patient.  Each request was transmitted to the Office of Administrative Law for a hearing as a contested matter; subsequently, the matters were consolidated. Both parties moved for summary disposition.  In its moving papers, the Division asserted for the first time that petitioner was ineligible for Medicaid benefits because it had failed to appeal the insurance carriers' adverse determinations to DOBI.

A-4669-14T4

On January 30, 2015, the Administrative Law Judge (ALJ) issued an initial decision granting the Division's and denying petitioner's motion for summary decision. The judge found, before seeking Medicaid benefits, petitioner should have but did not exhaust available administrative challenges to the insurance carriers' determination there was no medical necessity for the subject treatment. Among other things, the judge stated:

> N.J.A.C. 10:49-7.3(b) states that, "Medicaid . . . benefits are last-payment benefits." This presupposes that administrative appeals as to the [insurance carriers'] liability would be exhausted before Medicaid is expected to make payment. . . .
>
> That is not to suggest, as petitioner claims, that petitioner would be expected or required to sue or appeal the insurance carrier all the way to the U.S. Supreme Court ad infinitum, if need be. Rather, it is to expect that all administratively available appeals of the adverse determination are exhausted before last-payment benefits are implicated. . . .

The ALJ then noted the binding impact of a decision by an independent utilization review organization [IURO], such as DOBI:

> To that end, N.J.A.C. 11:24A-3.6(j)(2) provides that, "The IURO's determination shall be binding on the carrier and the covered person, except to the extent that other remedies are available to either party under State or Federal law. The carrier shall provide benefits (including payment on the claim) pursuant to the IURO's

determination without delay, regardless of whether the carrier intends to seek judicial review of the external review decision, unless there is a judicial decision stating otherwise."

In other words, this appeal constitutes the final administrative action with regard to the carrier's determination of medical necessity, not the . . . internal review.

On April 29, 2015, the Division's director issued a decision adopting the ALJ's recommendations, stating:

Medicaid is a payer of last resort. N.J.A.C. 10:49-7.3(b). Each state administering the Medicaid program is required to take measures to find out when third parties are legally obligated to pay for services covered by the plan. 42 U.S.C. § 1396a(25)(A). Once the probability of third party liability exists, "the agency must reject the claim and return it to the provider for a determination of the amount of liability." 42 C.F.R. § 433.139(b)(1). Accordingly the ALJ correctly found it reasonable to expect that all administratively available appeals of the adverse determination are exhausted to determine third party liability before last-payment benefits are implicated.

This appeal ensued.

II

On appeal, petitioner's principal contention is the Division erred by denying Medicaid benefits on the ground petitioner failed to administratively appeal the insurance carriers' decision to decline coverage. Petitioner argues it

complied with the Division's regulations before seeking Medicaid benefits, and maintains there is no law compelling a Medicaid claimant to appeal an insurance carrier's adverse determination following an internal review. Accordingly, petitioner argues, the Division's decision was arbitrary, capricious, and unreasonable.

Our scope of review of a final administrative decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs. of Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)).

On the other hand, a court is not bound by an agency's determination of a purely legal issue. Pinelands Pres. All. v. State, Dept. of Envtl. Prot., 436 N.J. Super. 510, 524-25 (App. Div. 2014). "Because an agency's determination on summary decision is a legal determination, [such] review is de novo." L.A. v. Bd. of Educ. of City of Trenton, Mercer Cty., 221 N.J. 192, 204 (2015) (citing Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106, 121-22 (App. Div. 1995)).

A-4669-14T4

"Medicaid is a medical assistance program for eligible low-income individuals, established by Subchapter XIX of the federal Social Security Act." Waldman v. Candia, 317 N.J. Super. 464, 470 (App. Div. 1999). This "program is administered jointly by the federal and state governments." Ibid. States are not required to participate in the program but, once a State joins, the State's program must comply with the federal criteria. Id. at 470-71.

The Department of Human Services, through the Division, is designated as the state agency to administer New Jersey's Medicaid program. N.J.S.A. 30:4D-5; N.J.S.A. 30:4D-7k. The statutory provisions implementing Medicaid are set forth in the Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -42. Pursuant to that statute, the Division is vested with the authority to administer Medicaid. N.J.S.A. 30:4D-7; see also 42 U.S.C.A. § 1396a(a)(5) (requiring States participating in Medicaid to establish or designate a single state agency to administer or supervise the plan).

"Congress, in crafting the Medicaid legislation, intended that Medicaid be a 'payer of last resort.'" Ark. Dept. of Health & Human Servs. v. Ahlborn, 547 U.S. 268, 291, 126 S. Ct. 1752, 1767, 164 L. Ed. 2d 459 (2006). "This means that all other available resources must be used before Medicaid pays for the

medical care of an individual enrolled in a Medicaid program."

<u>Caremark, Inc. v. Goetz</u>, 480 <u>F.</u>3d 779, 783 (6th Cir. 2007).

Because Medicaid is a "payer of last resort," federal law requires "states to implement 'third party liability (TPL) programs' which 'ensure that Federal and State funds are not misspent for covered services to eligible Medicaid recipients when third parties exist that are legally liable to pay for those services.'" <u>Wesley Health Care Ctr., Inc., v. DeBuono</u>, 244 <u>F.</u>3d 280, 281 (2d Cir. 2001). A third party is "any individual, entity or program that is or may be liable to pay all or part of the expenditures for medical assistance furnished under a State [Medicaid] plan." 42 <u>C.F.R.</u> § 433.136(3).

Federal Medicaid statute 42 <u>U.S.C.</u> 1396a(a)(25)(A) requires each State's Medicaid agency take specific measures to find out when third parties, such as private insurers, are legally obliged to pay for services covered by Medicaid. <u>Wesley</u>, <u>supra</u>, 244 <u>F.</u>3d at 281 (citing 42 <u>U.S.C.</u> § 1396a(a)(25)(A)). New Jersey's counterpart to the latter statute is <u>N.J.S.A.</u> 30:4D-7(k), which authorizes the Division to take reasonable measures to ascertain a third party's liability to a Medicaid claimant. <u>Waldman</u>, <u>supra</u>, 317 <u>N.J. Super.</u> 464, 473 (App. Div. 1999).

Here, the Division takes the position that, before the Division is required to pay benefits, it is reasonable to compel

claimants to pursue any available administrative appeal of the insurance carriers' adverse determinations. Because federal and State law requires the Division to implement reasonable measures to ascertain any third party's liability for a claimant's medical bills, in general, we cannot fault the Division for compelling potential claimants to seek DOBI's review of an insurance company decision to deny coverage, unless it is clear such review would be futile. Medicaid benefits are payments of last resort, and the Division is tasked with ensuring such payments are not expended if a third party is liable for a claimant's medical expenses.

However, what is of concern to the court is whether petitioner was on notice it had to seek DOBI's review or otherwise pursue an administrative appeal of the insurance companies' determinations before filing a claim for Medicaid benefits. The Division did not provide, and we were unable to find, a citation to any regulation or other authority that alerted potential claimants of the necessity of seeking an external review of an adverse determination by an insurance company or like entity.

Compounding the matter is that, here, while these two patients' claims were pending before it, the Division never suggested to petitioner the claims were deficient or might be

rejected because of petitioner's failure to seek review of the insurance companies' determinations. Petitioner is now time-barred from seeking DOBI review. The failure to provide notice of the Division's decision to implement the measure of compelling claimants to exhaust administratively available appeals was raised by petitioner when before the ALJ, but was not addressed by either the ALJ or the Director in their respective decisions.

Accordingly, we remand this matter to the Division to address the issue of notice and, depending on the outcome, devise the appropriate remedy.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                              A-4669-14T4