SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

### L.A. v. Board of Education of the City of Trenton (A-59-13) (073401)

**Argued January 5, 2015 -- Decided March 25, 2015**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court considers the circumstances under which a school board employee is entitled to indemnification for attorney's fees and costs spent in defense of a civil action arising from the same allegations contained in a criminal indictment that has been dismissed.

L.A. was employed by the Trenton Board of Education (Board) as an elementary school security guard. While at work, L.A. allegedly had unlawful sexual contact with two minor students, N.F. and K.O. The allegations were referred to the Institutional Abuse Investigation Unit (IAIU) of the Department of Children and Families (DCF) and defendant was subsequently indicted. In the N.F. indictment, L.A. was charged with third-degree aggravated criminal sexual contact and second-degree endangering the welfare of a minor. In the K.O. indictment, L.A. was charged with two counts of second-degree sexual assault and one count of second-degree endangering the welfare of a minor. L.A. pled guilty to one count of second-degree endangering the welfare of a minor (N.F.) in exchange for dismissal of the remaining charges regarding N.F. and complete dismissal of the K.O. indictment.

K.O.'s guardian ad litem subsequently filed a civil complaint alleging that L.A. sexually assaulted K.O. and that the Board negligently hired L.A. The Board answered the complaint, taking no position with regard to the allegations against L.A. However, L.A. was assigned counsel by the Horace Mann Insurance Agency (Horace Mann), pursuant to a private insurance policy maintained by the New Jersey Education Association. Ultimately, K.O.'s civil action was settled without any admission of wrongdoing by L.A. or the Board. After the settlement, L.A., through counsel provided by Horace Mann, filed a verified petition against the Commissioner of Education (Commissioner) seeking reimbursement for the attorney's fees and costs incurred in defending against K.O.'s civil action. The matter was transferred to the Office of Administrative Law and L.A.'s counsel and the Board filed cross motions for summary decision.

The Administrative Law Judge (ALJ) granted L.A.'s motion, denied the Board's, and awarded L.A. attorney's fees and costs pursuant to N.J.S.A. 18A:16-6, the statute that addresses the right to indemnification for officers and employees of boards of education in civil actions. The ALJ concluded that the Board had failed to meet its burden of establishing that L.A.'s conduct fell outside of the performance of his duties as an elementary school security guard. The Commissioner adopted the ALJ's decision and ordered the Board to reimburse L.A. for attorney's fees and costs for the defense of K.O.'s civil action.

On appeal by the Board, the Appellate Division reversed, holding that indemnification was not warranted because the IAIU report substantiated K.O.'s allegations against L.A. and provided sufficient evidence to prove that the claim did not arise out of, or in the course of performance of, his employment duties. Horace Mann filed a petition for certification on L.A.'s behalf arguing that the Appellate Division incorrectly determined that L.A. had the burden of showing a favorable outcome in the criminal proceedings to be entitled to indemnification under the civil statute, N.J.S.A. 18A:16-6. This Court granted certification. 217 N.J. 286 (2014).

**HELD**: N.J.S.A 18A:16-6 requires indemnification for fees and costs associated with defending against a civil action unless there is proof by a preponderance of the evidence that the employee's conduct fell outside the course of performance of his or her employment duties.

1. Resolution of this appeal requires an understanding of the applicable civil and criminal indemnification statutes. Under the civil indemnification statute, N.J.S.A. 18A:16-6, a board of education employee may be indemnified for attorney's fees and costs incurred defending civil actions arising out of an act or omission that took place in the course and scope of employment duties. The plain language of that statute requires that the underlying civil action be related to conduct falling within the employment duties of the school board employee. The criminal indemnification statute, N.J.S.A. 18A:16-6.1, requires a disposition of the criminal charges in favor of the employee before he or she is entitled to reimbursement for costs incurred in defending against the charges. (pp. 12-13)

2. In Bower v. Bd. of Educ. of E. Orange, 149 N.J. 416, 423 (1997), in the context of a claim under the criminal indemnification statute following resolution of a criminal proceeding, the Court held that the criminal and civil indemnification statutes must be read together and require that "(1) any act or omission on which the criminal charges are based arose out of and in the course of performance of the duties of the position held by the employee, and (2) the charges must either be dismissed or result in a final disposition favorable to the employee. Relying on Bower, the Appellate Division here conflated the civil and criminal indemnification statutes. In Bower, this Court had to consider both the criminal and civil indemnification statutes because the criminal indemnification statute does not mention the threshold inquiry, which is whether the employee's conduct was within the scope of his or her employment duties. That is not the case here. This case presents a question of civil indemnification, which requires only a determination of whether the employee was acting within the scope of his or her employment duties. Thus, the criminal indemnification statute, N.J.S.A. 18A:16-6.1, is not relevant. (pp. 14-15)

3. Here, the ALJ's resolution of this matter by summary decision was premature. To determine whether summary decision is appropriate, a court must ascertain whether the competent evidence presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, is sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party. A court is not bound by an agency's interpretation of a statute or its determination of a strictly legal issue. (pp. 15-16)

4. To decide whether L.A. was entitled to indemnification under N.J.S.A. 18A:16-6, the ALJ was required to determine by a preponderance of the evidence whether L.A. was acting within the scope of the duties of his employment. The ALJ based that determination solely on the fact that L.A. had not been adjudicated in any prior forum to have committed any criminal act regarding K.O. The ALJ failed to consider the extent of any factual overlap between the offenses alleged in the N.F. indictment, to which L.A. admitted, and the offenses alleged in the K.O. indictment. The ALJ also failed to consider L.A.'s admission during his plea colloquy that he spoke inappropriately to K.O. or the evidence in the IAIU report substantiating K.O.'s allegations. The IAIU report, being investigative in nature, is distinguishable from an adjudicatory finding. However, the report could have been offered into evidence at a hearing with the testimony of the DCF investigator, which would have afforded L.A. an opportunity to cross-examine the investigator and other witnesses to rebut the charge. L.A.'s admission during his plea colloquy and the IAIU report supporting K.O.'s allegations show that there are issues of fact in dispute that are material to determining whether L.A. committed the acts alleged by K.O. in the civil action. Therefore summary decision was inappropriate. (pp. 16-18)

5. When a school board employee seeks civil indemnification under N.J.S.A. 18A-16-6, the only question to be answered is whether the employee was acting within the scope of his or her employment duties. A conviction or other unfavorable disposition in a related criminal matter answers that question in the negative. Here, the K.O. indictment was dismissed, and therefore resolved in L.A.'s favor. However, because there are material facts at issue bearing upon whether L.A. committed the acts alleged by K.O., and was therefore acting outside the scope of his employment duties, the ALJ's summary decision resulted in an insufficient record to decide whether L.A. was entitled to indemnification. (p. 18)

The judgment of the Appellate Division is **REVERSED** and the matter is **REMANDED** to the Commissioner of Education for an evidentiary hearing.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.**

L.A. and THE HORACE MANN
INSURANCE COMPANY,

    Petitioners-Appellants,

       v.

BOARD OF EDUCATION OF THE
CITY OF TRENTON, MERCER
COUNTY,

    Respondent-Respondent.

Argued January 5, 2015 – Decided March 25, 2015

On certification to the Superior Court, Appellate Division.

Gidian R. Mellk argued the cause for appellants (Mellk O'Neill, attorneys; Ms. Mellk and Arnold M. Mellk, of counsel and on the brief).

Patrick F. Carrigg argued the cause for respondent Board of Education of the City of Trenton, Mercer County (Lenox, Socey, Formidoni, Giordano, Cooley, Lang & Casey, attorneys; Michael A. Pattanite, Jr., on the briefs).

Beth N. Shore, Deputy Attorney General, submitted a letter in lieu of brief on behalf of respondent Commissioner of Education (John J. Hoffman, Acting Attorney General of New Jersey, attorney).

JUSTICE SOLOMON delivered the opinion of the Court.

We are called upon to determine whether N.J.S.A. 18A:16-6 entitles a school board employee to indemnification for

attorney's fees and costs spent in defense of a civil action arising from the same allegations contained in a dismissed criminal indictment.  We conclude that in such circumstances N.J.S.A. 18A:16-6 requires indemnification unless there is proof by a preponderance of the evidence that the employee's conduct fell outside the course of performance of his or her employment duties.

Here, rather than conducting an evidentiary hearing, the Administrative Law Judge (ALJ) disposed of the matter by way of summary decision.  Because there are disputed issues of material fact regarding whether L.A. was acting within the scope of the responsibilities of his employment, the judgment of the Appellate Division is reversed.  The matter is remanded to the Commissioner of Education for a hearing to determine whether L.A.'s conduct fell outside the course of performance of his employment duties.

I.

The relevant facts gleaned from the scant record are as follows.  Petitioner L.A. was employed by the Trenton Board of Education (Board) as a security guard at an elementary school.  While at work, L.A. allegedly had unlawful sexual contact with two minor students, N.F. and K.O.  The allegations were referred to the Institutional Abuse Investigation Unit (IAIU) of the Department of Children and Families (DCF).  In its investigative

2

report, the IAIU stated that the "[s]exual [a]buse/[s]exual [m]olestation was substantiated regarding the actions of [L.A.]."  However, the report explained that "[n]o adjudicative findings have been made" and "IAIU's review herein is solely investigative."

As a result of the sexual abuse allegations against L.A., a Mercer County grand jury returned two separate indictments –– one arose out of the allegations regarding N.F. and the other arose out of the allegations regarding K.O.  In the N.F. indictment, L.A. was charged with third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a), and second-degree endangering the welfare of a minor, N.J.S.A. 2C:24-4.  In the K.O. indictment, L.A. was charged with two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b), and one count of second-degree endangering the welfare of a minor, N.J.S.A. 2C:24-4.

In order to resolve both indictments, L.A. entered into a plea agreement with the State in which he agreed to plead guilty to one count of second-degree endangering the welfare of N.F. in exchange for dismissal of the remaining charges in the N.F. indictment and dismissal of the K.O. indictment.  During his plea colloquy, L.A. made no admissions regarding the allegations contained in the K.O. indictment, but he did admit that he had "engag[ed] in conversation of a sexual nature with two females,

3

both of whom were minors and under [his] supervision," and that he "engag[ed] in an inappropriate touching of at least one of those minors during the course of that day[.]"

Subsequently, a civil complaint was filed on K.O.'s behalf by her guardian ad litem alleging that L.A. sexually assaulted K.O., and that the Board negligently hired L.A. The Board answered the complaint on its own behalf, taking no position with regard to the allegations against L.A. However, L.A. was assigned counsel by Horace Mann Insurance Agency (Horace Mann), pursuant to a private insurance policy.[1] K.O.'s civil action was settled without any admission of wrongdoing by L.A. or the Board.

After the settlement was finalized, L.A., through counsel provided by Horace Mann, filed a verified petition against the Commissioner of Education (Commissioner) seeking reimbursement for the attorney's fees and costs incurred in defending against K.O.'s civil action. The matter was transferred to the Office of Administrative Law, and L.A.'s counsel and the Board filed cross motions for summary decision.

---

[1] The Appellate Division referred to Horace Mann as "the Board's liability carrier underwriter." At oral argument, the parties acknowledged that Horace Mann provided counsel to L.A. in the civil action under a private insurance policy of the New Jersey Education Association.

The ALJ issued an initial decision[2] based only upon the moving papers and supporting documents without an evidentiary hearing. The ALJ granted L.A.'s motion for summary decision, denied the Board's motion, and awarded L.A. attorney's fees and costs pursuant to N.J.S.A. 18A:16-6, which addresses the right to indemnification for officers and employees of boards of education in civil actions. The ALJ concluded that the Board had failed to meet its burden of establishing that L.A.'s conduct fell outside of the performance of his duties as an elementary school security guard because the Board failed to prove that K.O.'s allegations of abuse in the civil action had occurred. The ALJ determined that the sexual assault allegations against L.A. were "never substantiated in a prior adjudicatory hearing" and that indemnification could not be denied in reliance upon "mere suspicion." The ALJ stated:

> To be indemnified for costs associated with a civil suit, a school employee's action must arise from and be during the course of performance of one's duties. While it is undisputed that the claim in this matter of sexual assault does not arise from a security officer's duties, the claim was never substantiated in a prior adjudicatory hearing.

[2] Pursuant to N.J.S.A. 52:14B-10(c), all hearings of a State agency required to be conducted as a contested case are assigned to an ALJ who must provide a "report and [initial] decision which contains recommended findings of fact and conclusions of law . . . based upon sufficient, competent, and credible evidence." The initial decision may be adopted, modified or rejected by the agency head, in this case the Commissioner, who is authorized to make a final decision in the matter. Ibid.

> Under New Jersey Supreme Court precedents,
> absent such evidence, a school employee is
> entitled to indemnification for costs in
> defending a civil suit, regardless of mere
> suspicion that there may be truth to the
> claim. Thus, I [conclude], that summary
> decision for [L.A.] is appropriate at this
> time.

The Commissioner adopted the ALJ's initial decision and ordered the Board to reimburse L.A. for attorney's fees and costs for the defense of K.O.'s civil action. The Commissioner, agreeing with the ALJ's reasoning, stated "the civil case against [L.A.] was settled without admission or adjudication of the alleged facts; consequently there is no proof that he engaged in any untoward conduct toward the child, K.O."

The Board appealed. The Appellate Division reversed the Commissioner, holding that "the statutory provisions of N.J.S.A. 18A:16-6 and -6.1 must be read collectively and are complementary." The panel noted that N.J.S.A. 18A:16-6.1 requires a favorable outcome in criminal and quasi-criminal proceedings brought against board of education employees before indemnification is warranted and, therefore, N.J.S.A. 18A:16-6, which governs indemnification in civil proceedings, required L.A. to prove the outcome in the related criminal indictment was in his favor before he would be entitled to indemnification for defending K.O.'s civil action. The panel held that "the Commissioner did not consider [that L.A.'s] conduct led to a

6

criminal conviction of endangering the welfare of children, but was persuaded by the fact that the events occurred while L.A. was working on school property and the civil litigation filed by K.O. was settled without L.A.'s admission of wrongdoing."

The panel determined that the Commissioner's "reasoning ignore[d] the [IAIU] investigative findings, the criminal conviction resulting from the conduct [against N.F], and the likely testimony from the victims presented at a hearing," and held that "L.A.'s guilty plea resolved the charges in both indictments and was not a final disposition of the criminal charges favorable to L.A." Finally, the panel determined:

> In matters such as this one, where the conduct giving rise to alleged civil liability is also the basis for criminal charges, the factual basis for and ultimate disposition of those criminal charges is highly probative when determining whether the employee's conduct arose out of and in the course of the performance of his or her duties. Here, the record does not support a sufficient nexus between L.A.'s official duties as a security guard and his conduct with the students to trigger the protection of N.J.S.A. 18A:16-6.

The panel further held that "indemnification was not warranted" because the IAIU report substantiated K.O.'s allegations against L.A. and provided sufficient evidence to show that the claim did not arise out of or in the course of performance of his employment duties.

7

Horace Mann, on behalf of L.A., filed a petition for certification with this Court arguing that the Appellate Division incorrectly determined that L.A. had the burden of showing a "favorable outcome" in the criminal proceedings to be entitled to indemnification under the civil statute, N.J.S.A. 18A:16-6. We granted certification. L.A. v. Bd. of Educ. of Trenton, 217 N.J. 286 (2014).

## II.

### A.

L.A. contends that the Appellate Division improperly imported the requirement under the criminal indemnification statute, N.J.S.A. 18A:16-6.1 -- that he must show that he received a favorable outcome in the criminal proceeding to be entitled to indemnity -- into the civil indemnification statute, N.J.S.A. 18A:16-6, which contains no such requirement. L.A. argues that had the Legislature intended that boards of education be required to indemnify employees for costs associated with the defense of civil actions only when a final, favorable disposition of the related criminal matter was reached, it would have included such language in the civil indemnification statute.

L.A. maintains there is no support for the Appellate Division's conclusion that he did not receive a favorable

8

outcome in the criminal matter merely because he pled guilty to the charges in the N.F. indictment, which formed the basis of the panel's finding that the alleged acts in K.O.'s civil action did not arise out of the performance of L.A.'s employment duties. L.A. argues that, in any event, disposition of the criminal charges is immaterial to the indemnification litigation under the civil indemnification statute. Alternatively, he argues that the K.O. indictment was disposed of in his favor because all the charges were dismissed, and L.A. never provided any factual basis for the charges in the K.O. indictment.

L.A. also contends that the Appellate Division violated his due process rights by relying on the IAIU investigative report to find that he had abused K.O. and was "thus acting outside the scope of his employment duties" as a security guard. L.A. argues that the nature of the IAIU report required the ALJ to provide him with the right to confront the witnesses against him, or, at a minimum, a right to a factual determination regarding the credibility of those witnesses. Thus, L.A. urges the Court to affirm the Commissioner's final agency determination adopting the ALJ's initial decision, which he maintains was sufficiently supported by the record. He concludes that the record does not suggest that the Commissioner "clearly erred."

B.

9

The Board asserts that, because the criminal matter and the civil suit are intertwined, the Appellate Division properly found that L.A. had to show a favorable result from the related criminal proceeding in order to be entitled to indemnification under the civil indemnification statute. Thus, the Board claims that whether L.A.'s criminal charges were resolved in his favor is relevant to determining whether the conduct occurred within the scope of L.A.'s employment. According to the Board, L.A.'s guilty plea was an unfavorable result with respect to both indictments, establishing that he acted outside the scope of his employment and therefore was not entitled to indemnification under the civil indemnification statute.

Alternatively, the Board claims that even if the Appellate Division incorrectly conflated N.J.S.A. 18A:16-6 and N.J.S.A. 18A:16-6.1, the civil indemnification statute still requires that the underlying conduct in the civil action arise out of and in the course of performance of employment duties. Therefore, L.A. is not entitled to indemnification because more than a preponderance of the evidence supports that the acts underlying the civil action were outside the scope of L.A.'s employment as a security guard. That evidence includes the IAIU report that "substantiated" the allegations of abuse against K.O. and L.A.'s admission during his plea colloquy that he spoke inappropriately to both N.F. and K.O.

10

The Board claims, from a public policy standpoint, that adoption of L.A.'s position would result in indemnification in all civil proceedings where related criminal charges are resolved in a defendant/employee's favor. Instead, the Board urges us to adopt a rule consistent with the Appellate Division's opinion. Such a rule would permit the factfinder to assess the totality of the circumstances when determining whether, by a preponderance of the evidence, a school board employee acted within the course and scope of his or her employment duties and is entitled to indemnification.

## III.

## A.

Resolution of this appeal requires an understanding of the applicable civil and criminal indemnification statutes. Initially, we must consider the statutes and attempt to "divine and effectuate the Legislature's intent." State v. Shelley, 205 N.J. 320, 323 (2011). In doing so, we first examine "[t]he plain language of [each] statute" and "apply to the statutory terms the generally accepted meaning of the words used by the Legislature." Patel v. N.J. Motor Vehicle Comm'n, 200 N.J. 413, 418 (2009); see also State v. Bolvito, 217 N.J. 221, 228-29 (2014); accord N.J.S.A. 1:1-1. "When the Legislature's chosen words lead to one clear and unambiguous result, the

11

interpretative process comes to a close, without the need to consider extrinsic aids." Shelley, supra, 205 N.J. at 323.

When, as here, an issue concerns more than one statutory provision, "'[r]elated parts of an overall scheme can . . . provide relevant context.'" Beim v. Hulfish, 216 N.J. 484, 498 (2014) (quoting Dep't of Children & Families, N.J. Div. of Youth & Family Servs. v. A.L., 213 N.J. 1, 20 (2013)). In other words, in addition to "'ascrib[ing] to the statutory words their ordinary meaning and significance[,]'" the court must "'read them in context with related provisions so as to give sense to the legislation as a whole.'" Ibid. (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005) (internal citations omitted)).

B.

With those standards in mind, we begin our analysis by applying the rules of statutory interpretation to the relevant indemnification statutes. Under the civil indemnification statute, N.J.S.A. 18A:16-6, a board of education employee may be indemnified for attorney's fees and costs incurred defending civil actions arising out of an act or omission that took place in the course and scope of employment duties. Specifically, N.J.S.A. 18A:16-6 provides:

> Whenever any civil or administrative action or other legal proceeding has been or shall be brought against any person holding any office, position or employment under the jurisdiction of any board of education . . . for any act or

12

> omission arising out of and in the course of the performance of the duties of such office, position, [or] employment[,] . . . the board shall defray all costs of defending such action, including reasonable counsel fees and expenses, together with costs of appeal, if any, and shall save harmless and protect such person from any financial loss resulting therefrom.

The plain language of that statute requires that the underlying civil action be related to conduct falling within the employment duties of the school board employee.

The criminal indemnification statute, N.J.S.A. 18A:16-6.1, requires a disposition of the criminal charges in favor of the employee before he or she is entitled to reimbursement for costs incurred in defending against the charges. Specifically, N.J.S.A. 18A:16-6.1 provides:

> Should any criminal or quasi-criminal action be instituted against any such person for any such act or omission and should such proceeding be dismissed or result in a final disposition in favor of such person, the board of education shall reimburse him for the cost of defending such proceeding, including reasonable counsel fees and expenses of the original hearing or trial and all appeals.

See also Bd. of Educ. of Florham Park v. Utica Mut. Ins. Co., 172 N.J. 300, 308 (2002) (holding that school board employee's right to indemnification for costs of his or her defense in criminal matter will not accrue unless "criminal charges result in an acquittal or otherwise are dismissed").

13

In the context of a claim under the criminal indemnification statute following resolution of a criminal proceeding, we have held that the criminal and civil indemnification statutes must be read together and require that "(1) any act or omission on which the criminal charges are based [arose] 'out of and in the course of performance of the duties' of the position held by the employee, and (2) the charges must either be dismissed or result in a final disposition favorable to the employee." Bower v. Bd. of Educ. of E. Orange, 149 N.J. 416, 423 (1997).

IV.

Relying on Bower, the Appellate Division in this case conflated the civil and criminal indemnification statutes. However, in Bower, supra, this Court had to consider both the criminal and civil indemnification statutes because the criminal indemnification statute does not mention the threshold inquiry -- whether the employee's conduct was within the scope of his or her employment duties. 149 N.J. at 423. That is not the case here. We have a question of civil indemnification, which requires only a determination of whether the employee was acting within the scope of his or her employment duties. Thus, the criminal indemnification statute, N.J.S.A. 18A:16-6.1, is not germane to our inquiry.

14

While Bower, supra, held that an employee-defendant's conviction in a related criminal proceeding is dispositive proof that the employee-defendant was not acting within the scope of the responsibilities of his or her employment, the fact that an employee was charged with a crime but not convicted does not establish that the conduct was within the scope of his or her employment duties.  149 N.J. at 431, 433-34; see also Valerius v. Newark, 84 N.J. 591, 596-97 (1980).

V.

A.

Here, the matter was resolved prematurely by summary decision pursuant to N.J.A.C. 1:1-12.5.  The standard governing agency determinations under N.J.A.C. 1:1-12.5 is "substantially the same as that governing a motion under Rule 4:46-2 for summary judgment in civil litigation."  Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106, 121-22 (App. Div. 1995) (citations omitted), certif. denied, 145 N.J. 372 (1996).  In other words, a court must ascertain "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Brill v. Guardian Life Ins. Co.

of Am., 142 N.J. 520, 523 (1995); see also Contini, supra, 286 N.J. Super. at 121-22.

A court is "'in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue.'" Dep't of Children & Families, N.J. Div. of Youth & Family Servs. v. T.B., 207 N.J. 294, 302 (2011) (alteration in original) (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973)). Because an agency's determination on summary decision is a legal determination, our review is de novo. Contini, supra, 286 N.J. Super. at 121-22; Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

B.

As discussed above, to decide whether L.A. was entitled to indemnification under N.J.S.A. 18A:16-6, the ALJ was required to determine by a preponderance of the evidence whether L.A. was acting within the scope of the duties of his employment. The ALJ based his determination that L.A. was acting within the scope of his employment responsibilities solely on the fact that L.A. had "not been adjudicated in any prior forum to have committed any criminal act regarding K.O." In so doing, the ALJ failed to consider the extent of any factual overlap between the offenses alleged in the N.F. indictment, which L.A. admitted to, and the offenses alleged in the K.O. indictment. Nor did the

16

ALJ consider L.A.'s admission during his plea colloquy that he spoke inappropriately to K.O., or the evidence referred to in the IAIU report substantiating K.O.'s allegations.

We note that the IAIU report, being investigative in nature, is distinguishable from an adjudicatory finding. In re R.P., 333 N.J. Super. 105, 116-17 (App. Div. 2000). However, the report could have been offered into evidence at a hearing with the testimony of the DCF investigator, which would have afforded L.A. "an opportunity to cross-examine the investigator and other witnesses [offered] and to present evidence to rebut the charge." Id. at 117.[3]

Thus, unlike Bower, supra, where dismissal of the criminal indictment and the lack of any additional evidence "clearly satisf[ied] Bower's burden of proof under the statute" to show that he was acting within the scope of his employment, 149 N.J. at 434, here L.A.'s admission during his plea colloquy and the IAIU report supporting K.O.'s allegations show that there are issues of fact in dispute that are material to determining

---

[3] The testimony of the DCF investigator regarding the contents of the report may be admitted as substantive evidence pursuant to N.J.A.C. 1:1-15.5, which permits the use of hearsay evidence in administrative proceedings, subject to the discretion of the ALJ. The evidence "admitted shall be accorded whatever weight the judge deems appropriate taking into account the nature, character and scope of the evidence, the circumstances of its creation and production, and, generally, its reliability." N.J.A.C. 1:1-15-5.

whether L.A. committed the acts alleged by K.O. in the civil action.

We therefore conclude that summary decision in this case was inappropriate.  See Gaines v. Bellino, 173 N.J. 301, 320 (2002) ("[M]aterial issues of disputed fact in the context of a motion record can deny a defendant summary dismissal[.]"); cf. Frank v. Ivy Club, 120 N.J. 73, 98 (1990) ("[W]here no disputed issues of material fact exist, an administrative agency need not hold an evidential hearing in a contested case."), cert. denied, 498 U.S. 1073, 111 S. Ct. 799, 122 L. Ed. 2d 860 (1991).

## VI.

The only question to be answered when a school board employee seeks civil indemnification under N.J.S.A. 18A-16-6 is whether the employee was acting within the scope of his or her employment duties; a conviction or other unfavorable disposition in a related criminal matter answers that question in the negative.  Here, it has been established that the K.O. indictment was dismissed and therefore resolved in L.A.'s favor.

However, the ALJ's summary decision presented to the Commissioner an insufficient record to decide whether L.A. was entitled to indemnification pursuant to N.J.S.A. 18A:16-6 because there are material facts at issue bearing upon whether L.A. committed the acts alleged by K.O. and was therefore acting outside the scope of his employment duties.

18

For the foregoing reasons the judgment of the Appellate Division is reversed, and the matter is remanded to the Commissioner for an evidentiary hearing.

CHIEF JUSTICE RABNER, JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA, and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.

19

SUPREME COURT OF NEW JERSEY

NO. ___A-59___          SEPTEMBER TERM 2013

ON CERTIFICATION TO          Appellate Division, Superior Court
                        _____


L.A. and THE HORACE MANN
INSURANCE COMPANY,

     Petitioners-Appellants,

        v.

BOARD OF EDUCATION OF THE
CITY OF TRENTON, MERCER
COUNTY,

     Respondent-Respondent.


DECIDED          March 25, 2015
        _____
             Chief Justice Rabner          PRESIDING
_____
OPINION BY          Justice Solomon
        _____
CONCURRING/DISSENTING OPINIONS BY  _____

DISSENTING OPINION BY  _____


| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |

1