**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1993-16T4

REGINALD VENABLE,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

          Submitted August 30, 2018 – Decided September 19, 2018

          Before Judges Rothstadt and DeAlmeida.

          On appeal from the New Jersey Department of Corrections.

          Reginald Venable, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Reginald Venable is an inmate at New Jersey State Prison in the custody of respondent New Jersey Department of Corrections (DOC). He appeals from the DOC's decision finding him ineligible under DOC policy to receive partial dentures to replace teeth he lost after being assaulted in prison. For the reasons that follow, we affirm.

According to Venable, on December 25, 2014, while carrying out his assigned work duties as a "2C hospital porter," a patient-inmate assaulted him, causing Venable to lose four of his teeth and requiring him to receive twenty-seven stitches in his mouth. When Venable required the removal of his stitches, Dr. Louis G. Fares II, M.D. conducted a general surgery consultation with Venable on February 19, 2015 and reported that "the most important thing right now is repairing his teeth, so he can eat solid foods." The doctor did not indicate that Venable required dentures.

On March 9, 2015, Venable filed an Inmate Grievance in which he described the assault and requested further information regarding the reasons for his ineligibility for dentures. The DOC's March 18, 2015 response to the grievance stated that he did not meet the DOC's criteria to receive dentures "per

DOC policy MED. DEN. 012"[1] and that he had "enough back teeth to chew with."

Approximately one year later, on March 27, 2016, Venable sought an administrative waiver to the policy, which the DOC denied on April 8, 2016. On April 12, 2016, he filed a second Inmate Grievance, requesting a waiver of MED. DEN. 012, which was denied on April 21, 2016. In response, Venable filed an administrative appeal in which he claimed that he continued to experience pain where his teeth are missing.

Meanwhile, on August 22, 2016, Venable received a letter from the Office of Corrections Ombudsman in response to a letter he sent on August 7, 2016. The response explained that his original correspondence received in December 2015 had been referred to University Correctional Health Care Patient Advocate, Margret Reed. It further stated that because he has "more than eight posterior teeth in occlusion," as per MED. DEN. 012 policy he was not qualified for a partial denture.

---

[1] The reference is to the portion of the DOC's "Internal Management Procedures" that relies upon "sections of the Medicaid Dental Practitioners Handbook" and states: "Authorization for partial dentures to replace posterior teeth will not be permitted if there is at least eight (8) posterior teeth, periodontally sound and in good occlusion and position[.]"

Although the DOC refused to provide Venable with dentures, it arranged for him to be examined by dentist Dr. Samuel Lopez on September 7, 2016. Dr. Lopez determined he did not meet the criteria for dentures and informed Venable of the DOC policy "that denture[s] are only to be made for posterior teeth if the patient has less than 8 posterior teeth in occlusal contact."

After Dr. Lopez issued his report, the DOC filed its response to Venable's administrative appeal, citing to the doctor's conclusions. This appeal followed.

On appeal, Venable argues that the DOC's "refusal to replace [his] teeth . . . was arbitrary, capricious and unreasonable." He further contends that he is "entitled to be[] reassigned [to] his institutional job and receive back pay" as he was found to be not guilty of any institutional violations brought against him relating to the assault.

At the outset, we note that Venable's second argument regarding his job assignment and his back pay was not raised before the DOC and is not the subject of his notice of appeal. We reject his argument on that basis. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider order not listed in notice of appeal); Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994) (issue raised in brief

A-1993-16T4

but not designated in notice of appeal not properly before court), aff'd o.b., 138 N.J. 41 (1994).

Turning to Venable's remaining argument, we begin our review by acknowledging that it is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We "afford a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting City of Newark v. Nat. Res. Council, Dep't of Envtl. Prot., 82 N.J. 530, 539 (1980)). Thus, "[w]ithout a 'clear showing' that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record, an administrative agency's final quasi-judicial decision should be sustained, regardless of whether a reviewing court would have reached a different conclusion in the first instance." Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009).

Our review of an administrative decision is limited to three questions: (1) whether the decision is consistent with the agency's governing law and policy; (2) whether the decision is supported by substantial evidence in the record; and (3) whether, in applying the law to the facts, the agency reached a decision that could be viewed as reasonable. Id. at 10. Implicit in the scope of our review is a fourth question, whether the agency's decision offends the State or Federal

Constitution. George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994). The burden of proof is on the party challenging the agency's action. Lavezzi, 219 N.J. at 171.

We are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Ardan v. Bd. of Review, 231 N.J. 589, 604 (2018) (quoting US Bank, N.A. v. Hough, 210 N.J. 187, 200 (2012)). We consider those issues de novo. L.A. v. Bd. of Educ. of Trenton, 221 N.J. 192, 204 (2015). Moreover, "[w]hen resolution of a legal question turns on factual issues within the special province of an administrative agency, those mixed questions of law and fact are to be resolved based on the agency's fact finding." Campbell v. N.J. Racing Comm'n, 169 N.J. 579, 588 (2001).

Applying our limited standard of review, we conclude Venable's argument is without sufficient merit to warrant discussion in a written opinion as the DOC's determination was supported by sufficient, credible evidence, R. 2:11-3(e)(1)(D), consistent with its policy and reasonable, as there was no dental or medical evidence in the record contradicting the evidence upon which the DOC relied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1993-16T4