**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0587-17T2

IN THE MATTER OF CURTIS
DIAZ, MERCER COUNTY
DEPARTMENT OF PUBLIC SAFETY.

Submitted November 28, 2018 – Decided January 2, 2019

Before Judges Accurso and Vernoia.

On appeal from the New Jersey Civil Service Commission, Docket No. 2012-3507.

Alterman & Associates, LLC, attorneys for appellant Curtis Diaz (Stuart J. Alterman, of counsel and on the brief).

Paul R. Adezio, Mercer County Counsel, attorney for respondent Mercer County Department of Public Safety (Kristina E. Chubenko, Assistant County Counsel, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Cameryn J. Hinton, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Curtis Diaz, a corrections officer with the Mercer County Department of Public Safety, appeals from an August 22, 2017 final agency decision of the Civil Service Commission. The Commission adopted the initial decision of the administrative law judge on summary disposition that Diaz be suspended for six days for excessive absenteeism pursuant to N.J.A.C. 4A:2-2.3(a)(4), by calling out of work on December 25, 28 and 29, 2011, without available leave time or extending his FMLA (Family and Medical Leave Act, 29 U.S.C. §§ 2612 to 2654) leave period.

Diaz claims the Commission's decision was arbitrary and capricious because the ALJ "disregarded material evidence pertaining to whether Diaz was ever apprised of the six-month expiration" of his FMLA leave and that a six-day suspension was inappropriate because his several days of absence stemmed from a "singular 'honest mistake.'" Having reviewed the record and those arguments in light of applicable law, we affirm.

The County submitted two certifications in support of its motion for summary disposition alleging it approved Diaz's request for intermittent FMLA leave by letter of June 3, 2011. According to the County, the letter advised Diaz the leave period was from June 1 through December 1, 2011, and that he would be required to exhaust his accrued sick time before resorting to his unpaid FMLA

leave.  Diaz exhausted his sick time on June 27, 2011, and thereafter began to draw on his FMLA leave.  At the time his leave period expired on December 1, 2011, Diaz had forty days of FMLA leave still available to him.  He did not, however, take any action to have his leave extended for another six months.

Diaz called out of work on December 9 and 10; December 21 and December 25, 28 and 29, 2011.  He received minor discipline in the form of two written reprimands for his first absences in December; one for the December 9 and 10 absences and another for the absence on December 21.  Because of those two prior violations, the County charged Diaz with a "step 3" violation for his absences on December 25, 28 and 29.  Specifically, the County charged Diaz with excessive absenteeism, N.J.A.C. 4A:2-2.3(a)(4); conduct unbecoming, N.J.A.C. 4A:2-2.3(a)(6); and other sufficient cause, N.J.A.C. 4A:2-2.3(a)(11), namely violation of Section A-4 of the Mercer County Table of Offenses and Penalties — chronic or excessive absenteeism with the potential for ten days' suspension.  The charges were sustained at a departmental hearing, but the penalty was reduced to a six-day suspension.

Although Diaz opposed the motion, arguing his conduct did not support the charges and the suspension was excessive, he did not submit his own certification.  Instead, Diaz argued in his brief that he thought he had been

granted a full year of intermittent FMLA leave. Finding the material facts alleged by the County to be undisputed, see N.J.A.C. 1:1-12.5(a), specifically, that Diaz received the notice advising him of the particulars of his leave and its duration and that he was absent for the days in question, the ALJ found they supported the charge of excessive absenteeism, even accepting Diaz's uncertified assertion that he mistakenly believed his FMLA leave was for a year and not six months. The ALJ dismissed the remaining charges, finding the other sufficient cause charge to be redundant and the conduct unbecoming charge unsupported by the evidence, and sustained the six-day suspension. The Civil Service Commission adopted the ALJ's decision.

On appeal, Diaz reprises the arguments he made in the agency and claims the ALJ disregarded "known material facts" as to whether Diaz had notice of the expiration of his FMLA leave. Specifically, he argues that "[d]espite evidence of Diaz 'having received' a letter from the U.S. Department of Labor, there are material facts of him misplacing the letter without ever reading it — facts that were not considered by the ALJ in the summary decision analysis."

Our review of administrative agency actions is limited. In re Herrmann, 192 N.J. 19, 27 (2007). We will not upset an agency's final quasi-judicial decision absent a "clear showing that it is arbitrary, capricious, or unreasonable,

A-0587-17T2

or that it lacks fair support in the record." Id. at 27-28. This same deferential standard applies to our review of the agency's choice of a disciplinary sanction. Id. at 28. We review discipline only to determine whether the "'punishment is so disproportionate to the offense, in the light of all of the circumstances, as to be shocking to one's sense of fairness.'" In re Stallworth, 208 N.J. 182, 195 (2011) (quoting In re Carter, 191 N.J. 474, 484 (2007)). The standard governing agency determinations for summary disposition under N.J.A.C. 1:1-12.5 is "'substantially the same as that governing a motion under Rule 4:46-2 for summary judgment in civil litigation,'" and our review is de novo. L.A. v. Bd. of Educ. of City of Trenton, Mercer Cty., 221 N.J. 192, 203 (2015) (quoting Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106, 121-22 (App. Div. 1995)).

Applying those standards here, Diaz has provided us no reason to reverse the findings of the ALJ, as adopted by the Civil Service Commission. The ALJ's refusal to accept statements by counsel in Diaz's opposition brief as "facts" was not error, it was required. See Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 1:6-6 (2019) ("It is . . . clear that the mere appending of relevant documents to the motion brief does not constitute compliance with this rule. . . . Even more egregious is the attempted presentation of facts which are

neither of record, judicially noticeable, nor stipulated, by way of statements of counsel made in supporting briefs, memoranda and oral argument."); see also Mazur v. Crane's Mill Nursing Home, 441 N.J. Super. 168, 180 (App. Div. 2015). As we have previously noted, "[t]hese are not merely formal requirements. They go to the heart of procedural due process." Celino v. Gen. Accident Ins., 211 N.J. Super. 538, 544 (App. Div. 1986). We further agree with the ALJ that Diaz's failure to read the letters approving his FMLA leave is not a defense to the charge.

Our review makes plain the decision of the Civil Service Commission is supported by sufficient credible evidence on the record as a whole and the sanction of a six-day suspension was justified. See R. 2:11-3(e)(1)(D); Carter, 191 N.J. at 484. Diaz's arguments to the contrary are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0587-17T2