**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1396-18T4

DAVID NASH,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted June 25, 2019 – Decided July 10, 2019

Before Judges Rothstadt and Suter.

On appeal from the New Jersey Department of Corrections.

David Nash, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Nicholas A. Sullivan, Deputy Attorney General, on the brief).

PER CURIAM

David Nash, an inmate at Northern State Prison (NSP), filed a property claim for lost, damaged or destroyed personal property. He appeals a final decision of the Department of Corrections (DOC) that denied his property claim. For reasons that follow, we reverse and remand.

After Nash was released from a stay in the Medical Clinic at NSP where he had been from May 13, 2018, he filed an inmate claim for lost, damaged or destroyed personal property, known as Form 943-I. The claim alleged that on May 10, 2018, an officer on the prison wing where Nash was assigned confiscated his "[fifteen] inch Clear Tunes" television on grounds that he had no proof of ownership. Nash listed "the unit rep, cell 102," as a witness to the confiscation, but did not have the name of this person or "State number." His claim also alleged that other items had been stolen by his "cell mate, top bunk," in cell 119, while Nash was staying in the Clinic. He included a handwritten list of electronic, food and cosmetic items that he said were taken, but did not include any receipts for the items. After he filed his claim, Nash obtained copies of sales receipts from DOC through an Open Public Records Act request. These included a receipt from 2011 for the television. Nash alleged he submitted these receipts to the Claims Committee at NSP that was reviewing his claim, but the State claims these were not provided.

A-1396-18T4

An inventory of Nash's property, known as an IIS-1M Inmate Inventory Sheet, was prepared when he transferred from his assigned unit to the Clinic. See N.J.A.C. 10A:1-11.6(a) (providing that this form "shall be used to itemize all personal property in the inmate's possession upon admission, while incarcerated and upon transfer"). It was signed twice by Nash: once with no date and once with the date of May 24, 2018, when he was released from the Clinic.[1] This inventory does not list the television, but does list "headphones" and various other clothes, food and cosmetic items.

Nash's claim was referred to a DOC lieutenant "for investigation and submission to the Claims Committee for review." The investigation report dated September 21, 2018, recommended denial of the claim because there was "[n]o evidence . . . that inmate exercised care in preventing loss by securing [his] property or that staff negligence was [the] cause of the claim." It listed three reasons in support of the recommendation: "[n]o receipts or appraisal forms attached . . . [n]o proof of negligence on the part of the staff . . . [and the b]urden of proof lies with [the inmate]." The Business Manager of NSP recommended

---

[1] The copies provided by Nash and the State do not show the year. The form uses the dates "5/13/1" and "5/24/1." We surmise it is for 2018 because both parties include the same form and it provides that he was being transferred from the "C1W" wing to the infirmary.

disapproval of the claim because Nash had not attached any receipts or appraisal forms and because there was "[n]o proof of negligence on the part of NSP staff." On October 12, 2018, the NSP Administrator accepted the recommendation and disapproved the claim.

On appeal, Nash raises the following issues:

POINT ONE

> THE STATE AGENCY'S ADMINISTRATIVE DECISION WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE IN LIGHT OF THE SUFFICIENT CREDIBLE EVIDENCE PRESENT IN THE RECORD, IN VIOLATION OF DUE PROCESS, STATUTE, AND REGULATION.

POINT TWO

> THE STATE AGENCY FAILED TO MAKE REQUIRED SPECIFIC FINDINGS FROM WHICH TO INFORM INTERESTED PARTIES AND THE REVIEWING TRIBUNAL OF THE BASIS FOR THE DECISION IN ORDER TO CONDUCT A PROPER REVIEW, IN VIOLATION OF DUE PROCESS, STATUTE, AND REGULATION.

POINT THREE

> THE STATE AGENCY'S FACTUAL CONCLUSIONS ARE SO WIDE OFF THE MARK AS TO BE MANIFESTLY MISTAKEN GIVING RISE TO A SENSE OF WRONGNESS, IN VIOLATION OF DUE PROCESS, STATUTE, AND REGULATION.

A-1396-18T4

<u>POINT FOUR</u>

THE STATE AGENCY'S ADJUDICATION IS INCONSISTENT WITH LAW AND THE POLICIES BEHIND THE LEGISLATION, IN VIOLATION OF DUE PROCESS, STATUTE, AND REGULATION.

Our review of an administrative agency's final decision is limited. <u>Kadonsky v. Lee</u>, 452 N.J. Super. 198, 201-02 (App. Div. 2017) (citing <u>In re Stallworth</u>, 208 N.J. 182, 194 (2011)). "We will not reverse an agency's judgment unless we find the decision to be 'arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence in the record as a whole.'" <u>Id.</u> at 202 (quoting <u>Stallworth</u>, 208 N.J. at 194). We are not, however, bound by the "agency's 'interpretation of a statute or its determination of a strictly legal issue.'" <u>Ibid.</u> (quoting <u>L.A. v. Bd. of Educ.</u>, 221 N.J. 192, 204 (2015)).

Prior to September 4, 2018, N.J.A.C. 10A:2-6.1(a) provided that an inmate must file a claim for lost, damaged or destroyed property by submitting Form 943-I. Following submission:

(b) The Administrator or designee shall submit Form 943-I to the Director of Custody Operations or designee for investigation and preparation of a report. The investigation conducted by the Director of Custody Operations or designee shall consist of, but not be limited to:

1. Obtaining statements from the inmate, witnesses and correctional facility staff; and

2. Verifying that the inmate was authorized to have and did in fact, possess the personal property named in the claim.

3. Verification of possession of lost, damaged or destroyed personal property may be made by review of applicable documentation such as the IIS-1M Inmate Inventory Sheet maintained by the correctional facility (see N.J.A.C. 10A:1-11).

[N.J.A.C. 10A:2-6.1(b).][2]

Other regulations also set forth factors to be considered in recommending or disapproving a claim. See N.J.A.C. 10A:2-6.2. These include whether there was neglect by the facility and whether the inmate submitted sufficient information about the items claimed. Ibid.

Nash made two claims: that an officer confiscated his television on May 10, 2018, and that other items of his were taken after he was transferred to the Clinic on May 13, 2018. There is an inventory of his property on Form IIS-1M dated May 13.

---

[2] We cite to the regulation as it appeared when Nash filed his claim. This regulation was amended effective September 4, 2018. See 50 N.J.R. 1964(a) (Sept. 4, 2018). None of the amendments affects our analysis.

This inventory does not address what property Nash had on May 10 when he alleges his television was confiscated. There is no indication that a statement was taken from the officer alleged to be involved. See N.J.A.C. 10A:2-6.1(b)(1) (providing that the investigation "shall" consist of "[o]btaining statements from . . . correctional facility staff"). The inventory would not provide verification of his property as allowed by N.J.A.C. 10A:2-6.1(b)(3) because it was made on May 13, 2018, three days after the confiscation allegedly occurred. We do not know if there were any prior inventories where the television might have been listed. N.J.A.C. 10A:1-11.11 (providing that a signed IIS-1M "shall become a permanent part of the inmate's classification folder"). The DOC's decision to deny this portion of the claim did not reveal that the factors under N.J.A.C. 10A:2-6.2 were reviewed, but instead, it summarily concluded there was no negligence by the staff and no receipts.

Nash claimed that his cellmate took things when his property was packed up on May 13, 2018. The IIS-1M inventory is signed twice by Nash. One signature is not dated and the other is dated May 24, 2018. The DOC does not explain if the first signature was Nash's confirmation that the inventory was accurate. If so, that might undercut his claim that items were taken because it could be used as verification of what property he had on that date. See N.J.A.C.

10A: 2-6.1(b)(3). If the inventory was signed only on May 24, it simply would be confirming what he received on May 24 without verifying what property he had when he transferred to the Clinic. There is no indication that any statements were taken from his cellmate or all the factors under N.J.A.C. 10A:2-6.2 were considered.

The DOC did not comply with regulations N.J.A.C. 10A:2-6.1 and 6.2. We are constrained to remand this for an investigation consistent with the regulations.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1396-18T4