NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0400-20

IN THE MATTER OF MICKEY
YOUNG, WOODBINE
DEVELOPMENTAL CENTER,
DEPARTMENT OF HUMAN
SERVICES.

_____

APPROVED FOR PUBLICATION

March 10, 2022

APPELLATE DIVISION

Argued November 15, 2021 – Decided March 10, 2022

Before Judges Messano, Accurso and Rose.

On appeal from the New Jersey Civil Service
Commission, Docket No. 2020-1186.

Arnold Shep Cohen argued the cause for appellant
Mickey Young (Oxfeld Cohen, PC, attorneys; Arnold
Shep Cohen, of counsel and on the briefs).

Francis X. Baker, Deputy Attorney General, argued
the cause for respondent Woodbine Developmental
Center, Department of Human Services (Andrew J.
Bruck, Acting Attorney General, attorney; Melissa H.
Raksa, Assistant Attorney General, of counsel; Francis
X. Baker, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney
for respondent New Jersey Civil Service Commission
(Eric A. Reid, Deputy Attorney General, on the
statement in lieu of brief).

The opinion of the court was delivered by

ROSE, J.A.D.

Mickey Young appeals from a final administrative action of the Civil Service Commission, finding it lacked subject matter jurisdiction over Young's administrative appeal from a reduced suspension imposed by the Department of Human Services. The sole issue raised on appeal is whether an appointing authority may unilaterally reduce a sanction from major to minor discipline after the employee is served with a Final Notice of Disciplinary Action (FNDA), thereby divesting the Commission of jurisdiction. Because we conclude the Department's action was consonant with the governing statutory and regulatory schemes, we affirm the Commission's decision dismissing Young's administrative appeal.

I.

The facts are straightforward and, for purposes of this appeal, are largely undisputed. Young is employed as a painter at the Woodbine Developmental Center, a facility operated by the Department for men with developmental disabilities. Young also is a member of the International Federation of Professional & Technical Engineers, Local 195 (Union).

Within a two-month period in 2016, Young was issued two Preliminary Notices of Disciplinary Action (PNDA) for separate acts of misconduct. Following a consolidated disciplinary hearing, the Department issued corresponding FNDAs, upholding the charges and sanctions. Because the

A-0400-20

penalties for each action exceeded five days, they were deemed major disciplinary matters, entitling Young to appeal the decisions to the Commission pursuant to N.J.S.A. 11A:2-14. The Commission transmitted Young's timely appeal to the Office of Administrative Law (OAL) as contested cases. An Administrative Law Judge (ALJ) conducted a hearing and recommended reversal of the charges and sanctions. In its final November 26, 2018 decision, the Commission upheld the ALJ's initial decision.

Four days later, on November 30, 2018, Young sent a disparaging email to Steven Katz, the legal specialist who represented the Department at the hearing before the ALJ. Referencing Young's favorable outcome on the charges, the email repeatedly stated Katz was a "loser." The email triggered the charges at issue.

Accordingly, on December 10, 2018, the Department served Young with a PNDA, proposing a fifteen-day suspension for the following offenses: conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6); other sufficient cause, N.J.A.C. 4A:2-2.3(a)(12); and verbal abuse of a patient, client, resident, or employee, Administrative Order 4:08-C-4.1. Following a departmental hearing in September 2019, the hearing officer upheld the charges and sanction, and an FNDA was issued on October 17, 2019. Young's

ensuing appeal to the Commission was transmitted to the OAL as a contested case.

Exercising "managerial discretion," the Department reconsidered Young's penalty and – three months prior to the September 2020 hearing date – reduced his suspension to five days. The charges remained unchanged. Because the penalty no longer exceeded a five-day suspension, the Department claimed the matter was rendered a minor disciplinary action under the governing statutes and regulations, divesting the Commission of jurisdiction and eliminating Young's right to a hearing before the OAL. The Department noted Young's right to appeal minor disciplinary actions instead was governed by the collective negotiations agreement (CNA) between the State and the Union, which provides, in relevant part:

> 1. There is hereby established a Joint Union/Management Panel [(JUMP)] consisting of two (2) individuals selected by the State and two (2) individuals selected by the Union and a third party neutral mutually selected by the parties. The purpose of this panel is to review appeals from Departmental determinations upholding disciplinary suspensions of one (1) through five (5) days.
>
> . . . .
>
> 5. The panel considerations shall be based upon the Department or Agency Head or designee's decision and any documents that have been made a part of the record of the matter before such Department or Agency Head or designee. The State and Union panel

members shall discuss each matter on the agenda and with the assistance of the neutral panel member, attempt to jointly resolve the appeal. Where the State and Union panel members agree, the appeal shall be dismissed or upheld, or the involved penalty may be reduced. Where the State and Union panel members do not agree as to the disposition of the appeal, the neutral panel member will determine whether the matter raises issues which may warrant submission to arbitration. In the event the neutral [panel member] determines that the matter does not raise issues which may warrant submission to arbitration, such determination shall be final and the matter closed.

In June 2020, the Department moved for summary decision, seeking to dismiss Young's appeal for lack of jurisdiction. Young objected, arguing the Department's "power grab" improperly divested the Commission and, as such, the OAL of jurisdiction, therefore depriving Young a hearing on the merits.

Following full briefing, another ALJ issued a cogent initial decision. Finding no issues of fact precluded a decision as a matter of law, the ALJ surveyed the controlling case law and relevant provisions of the Civil Service Act, N.J.S.A. 11A:1-1 to -12-6, and its regulations. Reasoning the Department's "inherent right" to reduce Young's penalty to five days constituted minor discipline pursuant to N.J.A.C. 4A:2-3.1(a), and the CNA established an appeal process for minor discipline under N.J.A.C. 4A:2-3.2(a), the ALJ concluded Young had no right of appeal to the Commission. Accordingly, the ALJ granted the Department's motion.

The Commission thereafter considered Young's exceptions and the Department's reply and conducted an independent review of the record. In its September 10, 2020 final decision, the Commission accepted the ALJ's initial decision, dismissing Young's appeal for lack of jurisdiction. This appeal followed.

On appeal, Young argues the Department's reduction in penalty was prohibited under the Act and violated his right to due process. He contends the Act and accompanying regulations make clear that upon issuing an FNDA, "the appointing authority becomes a litigant" and "cannot unilaterally modify a penalty." Young further asserts the appeal procedure for minor disciplinary actions set forth in the CNA does not guarantee a hearing, and even if a hearing were granted, the arbitrator determines guilt or innocence, not a change in penalty. As such, Young claims he is left with no recourse to remove the charges from his personnel file.

## II.

Our limited review of an agency decision is well settled. See Russo v. Bd. of Trs., Police & Firemen's Retirement Sys., 206 N.J. 14, 27 (2011). Ordinarily, we defer to the Commissioner's determination unless it was "arbitrary, capricious, or unreasonable." Melnyk v. Bd. of Educ. of the Delsea Reg'l High Sch. Dist., 241 N.J. 31, 40 (2020). Thus, "an appellate court

6

ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008); see also In re Stallworth, 208 N.J. 182, 194 (2011). "When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." In re Herrmann, 192 N.J. 19, 28 (2007). The party challenging the administrative action bears the burden of demonstrating the agency has not made that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

"A party may move for summary decision upon all or any of the substantive issues in a contested case." N.J.A.C. 1:1-12.5(a). The standard for summary decision motions pursuant to N.J.A.C. 1:1-12.5 is "substantially the same as that governing a motion under Rule 4:46-2 for summary judgment in civil litigation." L.A. v. Bd. of Educ. of Trenton, 221 N.J. 192, 203 (2015) (internal quotation marks omitted). The motion may be granted if the record "show[s] that there is no genuine issue as to any material fact challenged and that the moving party is entitled to prevail as a matter of law." N.J.A.C. 1:1-12.5(b); see also R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of America, 142

N.J. 520, 528-29 (1995). "Because an agency's determination on summary decision is a legal determination, our review is de novo." L.A., 221 N.J. at 204.

A reviewing court is "in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue." Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 158 (2018) (alteration in original) (internal quotation marks omitted). Nonetheless, "[w]e will overturn an agency's interpretation of a statute it implements only when it is 'plainly unreasonable.'" In re Comm'r's Failure to Adopt 861 CPT Codes, 358 N.J. Super. 135, 149 (App. Div. 2003) (quoting Merin v. Maglaki, 126 N.J. 430, 437 (1992)). We thus afford "substantial deference to the interpretation of the agency charged with enforcing an act." Ibid.

Along those same lines, "appellate review of an agency's choice of sanction is limited." In re License Issued to Zahl, 186 N.J. 341, 353 (2006). Courts "will modify a sanction 'only when necessary to bring the agency's action into conformity with its delegated authority,'" such as, when "'the agency has mistakenly exercised its discretion or misperceived its own statutory authority.'" Id. at 353-54 (quoting In re Polk License Revocation, 90 N.J. 550, 578 (1982)).

Guided by these principles, we turn to the relevant sections of the Act and its accompanying regulations pertaining to the discipline of public employees. A review of these sections makes clear the Legislature's intent to differentiate between the appeal rights for those employees subject to suspensions greater than five days from those suspended for a shorter period. See N.J.S.A. 11A:2-14.[1] The regulation promulgated by the Commission is in accord. See N.J.A.C. 4A:2-2.9(b).

The Legislature expressly defined the appeal process by reference to the length of suspension, i.e., "five days or less." N.J.S.A. 11A:2-16.[2] The accompanying regulation tracks the same timeframe including, within the definition of minor discipline, a suspension of "five working days or less." N.J.A.C. 4A:2-3.1(a). By comparison, employees suspended for more than five days, enjoy a right of appeal of the appointing authority's decision to the Commission pursuant to N.J.S.A. 11A:2-14, which may hear the appeal or refer the matter to the OAL under N.J.A.C. 4A:2-2.9(b).

---

[1] An employee served with a suspension of five days or less may also appeal to the Commission if the "employee's aggregate number of days suspended or fined in any one calendar year is [fifteen] days or more." N.J.S.A. 11A:2-14.

[2] Pursuant to the definition set forth in N.J.A.C. 4A:2-2.2(c), the Commission's use of the term "'days,' shall mean working days, unless otherwise stated."

N.J.S.A. 11A:2-16 permits a Civil Service employee to appeal a suspension of five days or less "pursuant to an alternate appeal procedure where provided by a negotiated contract provision." The corresponding regulation provides, in relevant part: "Minor discipline may be appealed to the Commission under a negotiated labor agreement." N.J.A.C. 4A:2-3.7(a). Where, as here, the "procedures are established by a negotiated agreement, such agreement shall be the applicable appeal process." N.J.A.C. 4A:2-3.2(a).

Notwithstanding the relevant provisions of the Act and its regulations, Young argues that on issuing an FNDA, "the appointing authority becomes a litigant," and the penalty set forth in the FNDA can be changed only by the agreement of the parties or the Commission's final decision. To support his position, Young cites N.J.S.A. 11A:2-14 and N.J.A.C. 4A:2-2.6(d). Both provisions require the appointing authority to furnish the employee with an FNDA "within [twenty] days of the [appointing authority's disciplinary] hearing," but neither prohibits the appointing authority from reducing a penalty after the FNDA is issued. Thus, Young's interpretation of the statute and regulation finds no support in their plain meaning.

A statute's plain language "is the 'best indicator' of legislative intent." State v. Rodriguez, 238 N.J. 105, 113 (2019) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). Courts construe a statute's plain language "in context

10

with related provisions so as to give sense to the legislation as a whole." DiProspero, 183 N.J. at 492; see also N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 229 N.J. 541, 570 (2017). "If the plain language leads to a clear and unambiguous result, then our interpretative process is over." Richardson v. Bd. of Trs., Police & Firemen's Retirement Sys., 192 N.J. 189, 195 (2007). It is not the court's function to "presume that the Legislature intended something other than that expressed by way of the plain language." O'Connell v. State, 171 N.J. 484, 488 (2002).

Courts interpret regulations in the same manner as statutes. In re Eastwick Coll. LPN-to-RN Bridge Program, 225 N.J. 533, 542 (2016). "In our interpretation of regulations, we give effect to their plain language." In re M.M., 463 N.J. Super. 128, 138 (App. Div. 2020).

The "paramount goal" is ascertaining the regulator's intent, which is generally found in the regulation's "actual language." U.S. Bank, N.A. v. Hough, 210 N.J. 187, 199 (2012). The words of a regulation should be given "their ordinary and commonsense meaning." In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 263 (2010) (internal quotation marks omitted). Courts should presume the drafter "intended the words it chose and the plain and ordinary meaning ascribed to those words." Paff v. Galloway Twp., 229 N.J. 340, 353 (2017).

In the present matter, the governing statute and regulation are clear. The appointing authority must issue its FNDA within the time constraints set forth in N.J.S.A. 11A:2-14 and N.J.A.C. 4A:2-2.6(d). No language in these sections of the Act or the Administrative Code prohibits an appointing authority from reducing a penalty after the FNDA is issued. Rather, they establish the procedure by which an appointing authority must issue an FNDA. Because the terms of the statute and regulation are clear, we decline to construe them to mean anything beyond their plain terms. See O'Connell, 171 N.J. at 488.

Not surprisingly, Young has not cited any case law – and our independent research has not revealed any – that supports his interpretation. Instead, Young's citation to the Court's decision in In re Hendrickson, 235 N.J. 145 (2018), is misplaced. At issue in Hendrickson was "the appropriate level of deference to be afforded to an ALJ's disciplinary decision that becomes a final agency determination through the deemed-adopted provision of N.J.S.A. 52:14B-10(c)," which outlines the procedures for contested cases before the OAL. Id. at 157. While the Court recognized the Commission's authority to "'adopt, reject or modify' the ALJ's findings and render a final decision" under N.J.S.A. 52:14B-10(c), the Court did not hold that only the Commission may modify the penalty sought by the appointing authority. Id. at 153.

12

As the Department noted in its responding brief, N.J.A.C. 4A:2-2.9(c) also empowers the Commission to "reverse or modify the action of the appointing authority." Importantly, however, neither N.J.S.A. 52:14B-10(c) nor N.J.A.C. 4A:2-2.9(c) proscribes the appointing authority's inherent discretion to reduce a penalty after an FNDA has been issued to a Civil Service employee.

Accordingly, we reject Young's contention that the Department unlawfully reduced his penalty after the FNDA was issued. Nothing in the record indicates Young challenged the applicability of the Act, the Administrative Code, or the validity of the CNA, all of which are dispositive of the Commission's jurisdiction.

We also find unavailing Young's argument that the Department's action violated his right to due process. To support his claim, Young cites our decision in Hammond v. Monmouth County Sheriff's Department, 317 N.J. Super. 199 (App. Div. 1999). Unlike the present matter, however, the issue on appeal in Hammond concerned the appointing authority's prosecution of charges it had dismissed after the departmental disciplinary hearing. Id. at 204-05. Simply stated, we concluded an appointing authority may not add charges to the FNDA, reasoning to hold otherwise would "surcharge the right

to appeal with a cost which violates any decent sense of due process or fair play." Id. at 206.

Conversely, in the present matter, following issuance of the FNDA, the Department reduced Young's penalty. The Department did not add new charges or otherwise amend the existing offenses and, as such, the appointing authority did not run afoul of our decision in Hammond, or otherwise infringe on Young's due process rights. Pursuant to the CNA, Young was free to file an appeal with JUMP. Although Young takes issue with the JUMP process, it is undisputed he received proper notice of the charges against him and was afforded the opportunity to defend against the charges at a full and fair departmental hearing. "As long as principles of basic fairness are observed and adequate procedural protections afforded, the requirements of administrative due process have been met." Kelly v. Sterr, 62 N.J. 105, 107 (1973); see also In re Kallen, 92 N.J. 14, 25 (1983).

We therefore conclude Young received adequate notice and an opportunity to be heard to satisfy administrative due process. Indeed, Young does not appear to have suffered any meaningful disadvantage by the reduction in penalty; he no longer faces major discipline, and he retains the right to challenge the charges and his five-day suspension in accordance with the CNA.

14

Moreover, Young's assertion that the appeal process set forth in the CNA denies him the opportunity to remove the charges from his personnel file because JUMP can only reduce the penalty is incorrect. The CNA expressly provides JUMP may affirm or dismiss an appeal of a minor disciplinary sanction as well as reduce a penalty. Young's misgivings about the adequacy of the appeal process set forth in the CNA should be directed to the Union and the State, which negotiated the agreement and are not parties to this appeal. Thus, the issue is not properly before us. In any event, the record is devoid of any evidence that JUMP will not consider Young's appeal pursuant to the procedures set forth in the CNA.

We conclude the Department permissibly exercised its inherent discretion in reducing Young's penalty to a five-day suspension, thereby divesting the Commission of jurisdiction under the Act and its accompanying regulations, and eliminating the right to a hearing before the OAL on the resulting minor disciplinary action. See Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 65 (1978) (reiterating the well-established principle "that a court cannot hear a case as to which it lacks subject matter jurisdiction even though all parties thereto desire an adjudication on the merits"); see also Murray v. Comcast Corp., 457 N.J. Super. 464, 470 (App. Div. 2019). Having conducted a de novo review of the record and governing legal principles, L.A., 221 N.J.

at 204, we are satisfied the Commission properly upheld the ALJ's initial decision, dismissing Young's complaint on summary decision for lack of subject matter jurisdiction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0400-20