NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0188-22

MARIA AZZARO, THE NEW
JERSEY EDUCATION
ASSOCIATION, and
MELLK O'NEILL,

      Petitioners-Appellants,

v.

BOARD OF EDUCATION OF
THE CITY OF TRENTON,
MERCER COUNTY,

      Respondent-Respondent.

APPROVED FOR PUBLICATION

December 21, 2023

APPELLATE DIVISION

Argued October 30, 2023 – Decided December 21, 2023

Before Judges Mawla, Marczyk, and Chase.[1]

On appeal from the New Jersey Commissioner of
Education, Docket No. 121-5/20.

Edward A. Cridge argued the cause for appellants
(Mellk Cridge LLC, attorneys; Arnold M. Mellk and
Edward A. Cridge, of counsel and on the briefs).

Rita F. Barone argued the cause for respondent Board
of Education of the City of Trenton (Flanagan, Barone

---

[1]  Judge Chase did not participate in oral argument.  He joins the opinion with
counsel's consent.  R. 2:13-2(b).

& O'Brien, LLC, attorneys; Rita F. Barone, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Commissioner of Education (Erin Herlihy Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

MARCZYK, J.A.D.

This appeal raises a novel issue of whether N.J.S.A. 18A:16-6 allows school board employees to wait until the final disposition of a civil or administrative action filed against them before seeking defense costs and indemnification from a school board. We conclude an employee cannot wait until the action is completed and must provide the school board with reasonable notice after the initiation of the proceeding, unlike the procedure set forth in N.J.S.A. 18A:16-6.1, which provides that an employee cannot seek reimbursement of defense costs and indemnification until the conclusion of a criminal or quasi-criminal action.

Petitioners Maria Azzaro, the New Jersey Education Association ("NJEA"), and the Mellk O'Neill law firm appeal from the Commissioner of Education's ("Commissioner") September 14, 2022 final agency decision entered in favor of the Board of Education of the City of Trenton ("Board") denying reimbursement of defense costs and indemnification. We affirm.

A-0188-22

I.

Azzaro was a long-time employee of the Board and retired as a vice principal in July 2008. In April 2007, following an investigation, the State of New Jersey, Department of Education, Office of Fiscal Accountability and Compliance ("OFAC") Investigations Unit issued a report regarding student grading practices and other alleged improprieties at Trenton Central High School's Sherman Avenue campus during the 2004-05 school year. As a result of the OFAC report, the Department of Education State Board of Examiners ("Examiners") issued an Order to Show Cause ("OSC") in June 2007 against Azzaro. The OSC directed her to show cause why her teaching certificate should not be suspended or revoked pursuant to N.J.A.C. 6A:9B-4.5.

The OSC alleged students were misassigned to the Sherman Avenue campus, received credits for classes they took twice or did not attend, and certain courses did not meet Department of Education requirements. The OSC further asserted student records and transcripts were falsified in order for the students to matriculate. The OSC claimed Azzaro was aware of and/or participated in awarding credit for such classes and the purported falsification of student transcripts.

Azzaro claims the Board was aware of the OSC because it was consolidated with an OSC brought against another Board employee against

3 A-0188-22

whom the Board had prosecuted similar charges. The NJEA assigned Mellk O'Neill to represent Azzaro. The Board notes Azzaro unilaterally retained counsel and never requested the Board to provide defense costs during the twelve years the OSC was pending. It further asserts it never filed tenure charges or took any disciplinary action against Azzaro.

The OSC was ultimately transmitted to the Office of Administrative Law ("OAL"). In September 2019, the Administrative Law Judge ("ALJ") issued an initial decision dismissing the OSC against Azzaro. In February 2020, the Examiners subsequently adopted the ALJ's determinations and upheld the dismissal of the OSC.

In May 2020, petitioners filed a petition with the Commissioner seeking reimbursement from the Board for reasonable costs and attorneys' fees incurred in the successful defense of Azzaro pursuant to N.J.S.A. 18A:16-6. The Board opposed the application. The petition was transmitted as a contested case to the OAL and assigned to a different ALJ than had addressed the OSC. The parties filed cross-motions for summary decision. In June 2022, the ALJ issued an initial decision, granting summary decision in favor of Azzaro. The ALJ awarded $430,800 in attorney fees and $5,361.60 in costs. Thereafter, the Board filed exceptions with the Commissioner.

A-0188-22

On September 14, 2022, the Commissioner issued a final agency decision rejecting the initial decision and granted summary decision in favor of the Board. The Commissioner held petitioners were not entitled to reimbursement for their attorney fees and costs. The Commissioner determined, relying on Edison v. Mezzacca, that an employee "does not have the absolute right to counsel of [their] choosing at municipal expense." 147 N.J. Super 9, 14 (App. Div. 1977). The Commissioner further held petitioners' right to defense costs pursuant to N.J.S.A. 18A:16-6—for civil or administrative matters—arose at the beginning of the proceeding and was independent of the outcome. On the other hand, N.J.S.A. 18A:16-6.1 provides defense costs only when the criminal or quasi-criminal proceedings are dismissed in an employee's favor. Given the more than ten-year delay in seeking relief under N.J.S.A. 18A:16-6, the Commissioner denied petitioners' application. This appeal followed.

II.

Petitioners contend N.J.S.A. 18A:16-6 does not contain a notice requirement and, therefore, Azzaro had no obligation to demand a defense and indemnification from the Board at the inception of the OSC. Relying on the ALJ's decision, petitioners argue the provisions of N.J.S.A. 18A:16-6 requiring the Board to "indemnify" and "defray" costs does not require the obligation be satisfied at a particular time, and the statute contemplates "reimbursement" or

A-0188-22

payment after the expenses have been incurred. Petitioners further assert their claims did not ripen under N.J.S.A. 18A:16-6 until the dismissal of the OSC, and there was no requirement to make an initial demand to the Board for defense and indemnification. Petitioners also argue the Board could not have defended Azzaro because it had a conflict due to its obligation to cooperate with the Examiners in connection with the OSC.

The Board counters that the Commissioner's final decision should be upheld because defense and indemnification under N.J.S.A. 18A:16-6 is not conditioned upon a successful outcome of the case. The Board asserts N.J.S.A. 18A:16-6 requires indemnification for fees and costs associated with defending against a civil or administrative action, unless there is proof by a preponderance of the evidence the employee's conduct fell outside the course of performance of their employment duties. See L.A. v. Bd. of Educ. of Trenton, 221 N.J. 192 (2015). The Board further argues N.J.S.A. 18A:16-6.1 is not applicable because there were no criminal or quasi-criminal charges filed against Azzaro. The Board contends Azzaro unilaterally selected an attorney without providing notice, even though the Board did not file tenure charges, discipline her in connection with the OSC, and never indicated it would not provide her a defense.

 A-0188-22

The Board additionally asserts petitioners' failure to notify it prevented it from invoking significantly greater insurance coverage it had at the time.[2]

Courts afford an agency "great deference" in reviewing its "interpretation of statutes within its scope of authority and its adoption of rules implementing" the laws for which it is responsible. N.J. Soc'y for the Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 385 (2008) (citing In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 489 (2004)). That approach reflects the specialized expertise agencies possess to enact technical regulations and evaluate issues that rulemaking invites. N.J. State League of Muns. v. Dep't of Cmty. Affs., 158 N.J. 211, 222 (1999). However, "[courts] are 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" Norfolk S. Ry. Co. v. Intermodal Props., LLC, 215 N.J. 142, 165 (2013) (quoting In re Taylor, 158 N.J. 644, 658 (1999)).

"[T]he Commissioner . . . has primary jurisdiction to hear and determine all controversies arising under the school laws." Bower v. Bd. of Educ. of E. Orange, 149 N.J. 416, 420 (1997) (citing N.J.S.A. 18A:6-9). As a result, their

---

[2] Specifically, the Board argues it carried a $1,000,000 insurance policy when the OSC was filed against Azzaro. However, in May 2020, when the underlying petition was filed by Azzaro against the Board, its coverage for indemnification and defense had a $100,000 limit. This issue was not properly raised before the ALJ. We decline to consider arguments not raised in the trial court. Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

"statutory interpretation is entitled to considerable weight, where not inconsistent with the statute and in harmony with the statutory purpose." Kletzkin v. Bd. of Educ. of Spotswood, 261 N.J. Super. 549, 553 (App. Div. 1993). We will ordinarily uphold the Commissioner's determination "unless it is 'arbitrary, capricious, or unreasonable or is not supported by substantial credible evidence in the record as a whole.'" G.D.M. v. Bd. of Educ. of the Ramapo Indian Hills Reg'l High Sch. Dist., 427 N.J. Super. 246, 259-60 (App. Div. 2012) (quoting Dennery v. Bd. of Educ. of Passaic Cnty. Reg'l High Sch. Dist. # 1, 131 N.J. 626, 641 (1993)).

In accordance with N.J.A.C. 1:1-12.5(b), a state agency's decision to grant a motion for summary decision is "substantially the same" as that governing a motion for summary judgment adjudicated by a trial court under Rule 4:46-2. Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106, 121 (App. Div. 1995). When reviewing an order granting summary judgment, we apply "the same standard governing the trial court . . . ." Oyola v. Liu, 431 N.J. Super. 493, 497 (App. Div. 2013). Summary judgment should be granted only when the record reveals "no genuine issue as to any material fact," and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

Our analysis of the issues in this matter entails consideration of both N.J.S.A. 18A:16-6 and its criminal counterpart, N.J.S.A. 18A:16-6.1.  N.J.S.A. 18A:16-6, in pertinent part, provides:

> Whenever <u>any civil or administrative action</u> . . . has been or shall be brought against any person holding any . . . employment under the jurisdiction of any board of education . . . for any act or omission arising out of and in the course of the performance of the duties of such . . . employment . . . , <u>the board shall defray all costs of defending such action, including reasonable counsel fees and expenses</u> . . . and shall save harmless . . . such person from any financial loss resulting therefrom . . . .
>
> . . . .
>
> Any board of education may arrange for and maintain appropriate insurance to cover all such damages, losses and expenses.[3]
>
> [(emphasis added).]

N.J.S.A. 18A:16-6.1, in turn, provides for reimbursement of defense costs and expenses in the context of criminal or quasi-criminal actions.  Specifically, the statute provides:

> Should any <u>criminal or quasi-criminal action</u> be instituted against any such person for any such act or omission <u>and should such proceeding be dismissed</u> or

---

[3]  Section (a) of the statute provides a school board is not required to provide defense costs or hold harmless an employee when a disciplinary proceeding is instituted by the board.  Section (b) states that indemnification is not required for "exemplary or punitive damages . . . ."  Neither of those provisions are at issue in this matter.

A-0188-22

result in a final disposition in favor of such person, the board of education shall <u>reimburse</u> [such person] for the cost of defending such proceeding, including reasonable counsel fees and expenses of the original hearing or trial and all appeals. . . .

[(emphasis added).]

When we are addressing an issue that involves more than one statutory provision, "[r]elated parts of an overall scheme can . . . provide relevant context." <u>Beim v. Hulfish</u>, 216 N.J. 484, 498 (2014) (alteration in original) (quoting <u>N.J. Dep't of Child. & Fams. v. A.L.</u>, 213 N.J. 1, 20 (2013)). That is, in addition to "ascrib[ing] to the statutory words their ordinary meaning and significance . . ." the court must "read them in context with related provisions so as to give sense to the legislation as a whole." <u>Ibid.</u> (quoting <u>DiProspero v. Penn</u>, 183 N.J. 477, 498 (2005)).

Petitioners maintain they had no obligation to demand a defense from the Board under N.J.S.A. 18A:16-6 until the conclusion of the OSC because the statute contemplates "reimbursement" of costs after an expense is incurred. We are unpersuaded by these contentions. Initially, we observe that although N.J.S.A. 18A:16-6 does not specifically address when a party must request defense costs and indemnification from a school board, the statute suggests a board's obligation arises when the action is instituted. The statute provides, "[w]henever any civil or administrative action . . . has been or shall be brought

. . . the board shall defray all costs of defending such action . . . ." <u>Ibid.</u> (emphasis added). The statute does not state the right to defense costs accrues at the conclusion of any civil or administrative action brought against a board employee—unlike the companion criminal part of the statute, N.J.S.A. 18A:16-6.1.

Moreover, petitioners' argument that N.J.S.A. 18A:16-6 contemplates "reimbursement" of costs after an expense is incurred conflates N.J.S.A. 18A:16-6 with N.J.S.A. 18A:16-6.1. The Legislature, under N.J.S.A. 18A:16-6.1, specifically utilizes "reimbursement," whereas N.J.S.A. 18A:16-6 contains no such language. This is because N.J.S.A. 18A:16-6.1 allows an aggrieved employee to seek reimbursement only after they are exonerated of criminal or quasi-criminal charges. N.J.S.A. 18A:16-6 has no such condition.

In <u>Edison</u>, we discussed a similar statute and differentiated "reimbursement" following a criminal proceeding from providing defense costs in the context of a civil matter. 147 N.J. Super. at 13-14. There, we addressed a municipality's obligation to provide police officers "with necessary means for the defense" for legal proceedings arising out of the performance of their duties

under N.J.S.A. 40A:14-155.[4]  Id. at 14.  Eight officers named in a civil rights suit sought to retain counsel of their own choice, and the municipality objected. Id. at 12.  In deciding the appeal, we referenced other "[c]ognate" enactments such as N.J.S.A. 18A:16-6 and its criminal counterpart, N.J.S.A. 18A:16-6.1— which are at issue in the present appeal.  Id. at 13.  Importantly, we noted the distinction between reimbursing for costs and providing for a defense under N.J.S.A. 40A:14-155.  Id. at 14.  We stated:

> When a statute speaks in term[s] of reimbursement, it focuses on costs already incurred and contemplates governmental liability for expenditures, reasonable in amount, for services rendered by counsel of the employee's own choice.  In the enactment here under consideration, but in a portion not involved in

---

[4]  N.J.S.A. 40A:14-155 was amended subsequent to our decision in Edison.  The later amendments to the statute are not relevant to our discussion.  At the time Edison was decided, the statute read:

> Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of [their] duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for [their] defense in a disciplinary proceeding instituted against [them] by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality.  If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, [they] shall be reimbursed for the expense of [their] defense.

this appeal, it is provided that a public officer against whom disciplinary or criminal proceedings are instituted by the municipality "shall be reimbursed for the expense of [their] defense" if [they] prevail[]. Obviously, this would include the reasonable fees of counsel selected by the officer, for the municipality could have no say in the choice of counsel to defend against charges made by it.

[Ibid.]

We further noted:

However, in dealing with the defense of actions other than those initiated by the municipality, the statute does not speak of reimbursement; it requires the municipality "[to] provide said . . . officer with necessary means for the defense . . . ." We conclude that this means that the municipality must provide competent counsel, its own or outside counsel, or it may approve counsel requested by the officer, but the employee does not have the absolute right to counsel of [their] own choosing at municipal expense. Were this not so, there would have been no need to distinguish between the right to reimbursement provided for in the last sentence of N.J.S.A. 40A:14-155 and the portion relevant to the present appeal; both obligations could easily have been couched in terms of reimbursement. Instead, the Legislature provided for reimbursement only where the municipality's obligation was conditional on the outcome and arose after the fact; no right of reimbursement was provided for where, as here, the obligation to provide for the defense arose at the inception of the proceeding against the officer and was independent of the outcome of the proceeding.

[Id. at 14-15 (alteration in original).]

13

We further held "that the municipality's obligation under N.J.S.A. 40A:14-155 does not require it to pay counsel chosen by a police officer without the prior agreement of the municipality to do so." Id. at 15.

The same analysis can be applied to the legislative scheme under N.J.S.A. 18A:16-6 and N.J.S.A. 18A:16-6.1, which is analogous to N.J.S.A. 40A:14-155. Petitioners requested legal fees and costs following twelve years of litigation but sought to proceed in a manner contemplated by N.J.S.A. 18A:16-6.1. However, that statute was not controlling because the OSC was not a criminal matter, but an administrative matter, thus implicating N.J.S.A. 18A:16-6.

Petitioners further contend their claim under N.J.S.A. 18A:16-6 did not accrue until the case against Azzaro was ultimately dismissed. More particularly, petitioners assert Azzaro was not accused of mere negligence, but "conduct unbecoming" under N.J.A.C. 6A:9B-4.4, which requires proof of more than negligence. Petitioners emphasize the serious nature of the charges set forth in the OSC and submit that, if proven, they would possibly constitute a criminal offense. Petitioners argue, therefore, the triggering event to apply for defense costs and indemnification would be the same as the procedure set forth in N.J.S.A. 18A:16-6.1, not N.J.S.A. 18A:16-6.

Although this was not a traditional negligence-type claim against Azzaro, it was still an "administrative" action for the purposes of N.J.S.A. 18A:16-6. As

we noted above, a claim under N.J.S.A. 18A:16-6.1 does not ripen until the dismissal or final disposition of an action in favor of a petitioner, but that statute only pertains to "criminal or quasi-criminal" matters. Accordingly, it is not applicable under the facts presented here. That is, when a civil or administrative action is instituted against a covered employee, the right to seek defense costs is not dependent on the dismissal of the case, and petitioners are required to proceed pursuant to N.J.S.A. 18A:16-6.

Here, petitioners had an obligation to advise the Board they sought defense costs within a reasonable period of time after the OSC was filed. We recognize, however, N.J.S.A. 18A:16-6 requires the conduct at issue in a civil or administrative claim to be within the scope of employment.[5] In L.A., the Court addressed whether N.J.S.A. 18A:16-6 entitled a school board employee to defense and indemnification costs in a civil action arising from the same allegations contained in a dismissed criminal indictment. 221 N.J. at 192.[6] The L.A. Court noted, "[t]he plain language of [N.J.S.A.18A:16-6] requires that the underlying civil action be related to conduct falling within the employment

_____

[5] The statute specifically provides a board shall defray costs for "any act or omission arising out of and in the course of the performance of the duties of such . . . employment." N.J.S.A. 18A:16-6.

[6] The L.A. Court did not address the issue raised in this case as to when a board employee must request defense and indemnification from a board of education regarding a pending civil or administrative claim.

duties of the school board employee." Id. at 202.  The L.A. Court further noted, "[t]he only question to be answered when a school board employee seeks civil indemnification under N.J.S.A. 18A:16-6 is whether the employee was acting within the scope of [their] employment duties . . . ."  Id. at 205-06.

Despite the Board's arguments here that there was no indication it would have declined to provide defense costs, we are mindful the Board could have determined the allegations against Azzaro were outside the scope of her employment.  However, the fact that the Board may have declined petitioners' request for defense costs is not a basis to refrain from requesting defense and indemnification under N.J.S.A. 18A:16-6.  To the extent the Board would have denied Azzaro's request for defense costs, she was not without a remedy.  Petitioners would be entitled to challenge such a determination similar to the parties in L.A.

An evidentiary hearing may have been required, or an adjudication of the underlying OSC, to determine if Azzaro was acting within the scope of her employment to resolve the issue.  Nevertheless, unlike N.J.S.A. 18A:16-6.1, which requires an employee to wait until the dismissal of a criminal action to seek reimbursement of legal fees, N.J.S.A. 18A:16-6 has no such requirement.  Petitioners were obligated to request the Board to provide defense costs even if the request may have initially been rejected.  Although a board may initially

deny defense costs, the board will ultimately be responsible for reasonable legal fees if it is later determined the employee was, in fact, working within the scope of their employment.

Petitioners next argue the Board had a conflict, and therefore it could not have assigned Azzaro counsel. In Edison, we noted:

> The municipality's obligation under this enactment can be met in several ways, as long as the means chosen fulfills the statutory purpose of providing officers with a defense at municipal expense. It can proffer the services of the municipal attorney when that attorney can function in that capacity free from potential conflicts of interest. When [they] cannot, or in any event, the municipality can proffer the services of an outside attorney who, when selected, would owe exclusive allegiance to the officer free from municipal control. Or, it can come to an agreement with counsel of the officer's choosing as to services to be rendered and the costs thereof. In any of these methods of complying with the statutory mandate, the officer will be provided with an attorney, admitted in this State, of reasonable competence, at municipal expense and the statutory goal will have been achieved.[7]
>
> [147 N.J. Super at 15.]

We determine our analysis in Edison is applicable here. We are therefore unpersuaded the Board would not have been able to defray the cost of counsel

---

[7] We further added in Edison, "[a]lthough obligated to provide for an officer's defense, the municipality should have some control over costs, and at least be in a position to know in advance what those costs will be." Id. at 15; see State v. Horton, 34 N.J. 518, 534 (1961).

simply because there was a potential conflict, thereby allowing petitioners to wait more than a decade before providing the Board notice of its intent to seek defense costs. Rather, if there was in fact a conflict, the Board could have assigned outside counsel or "come to an agreement with counsel of [petitioner's] choosing . . . and the costs thereof." Ibid.[8]

A sensible reading of N.J.S.A. 18A:16-6, when read in conjunction with N.J.S.A. 18A:16-6.1, would not permit a party to wait more than ten years to seek defense costs. We conclude Azzaro—to the extent she wanted to seek defense costs from the Board—should have acted under N.J.S.A. 18A:16-6 within a reasonable period of time after learning of the charges set forth in the OSC to put the Board on notice of her request for defense costs. What constitutes a reasonable time may be a fact-specific inquiry in certain cases. However, we are convinced bringing an action under N.J.S.A. 18A:16-6 twelve

---

[8] We further noted in Edison:

> Of course, nothing said herein should be construed to preclude an [employee] from selecting [their] own attorney either to assume sole control of the defense or to cooperate with the attorney selected by the municipality; in either case, however, the [employee's] selection of counsel, without municipal concurrence, carries with it [their] own personal obligation to pay [their] fees.
>
> [Id. at 16.]

years after the initiation of an administrative action was not reasonable under the circumstances.

The Commissioner's decision was based on a reasonable interpretation of the statute and supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). We discern no basis to disturb the Commissioner's findings and conclude the decision was not arbitrary, capricious, or unreasonable. To the extent we have not specifically addressed any of petitioners' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

19